UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| TOM J. KUECHENMEISTER, | ) | Civ. 12-4003-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING DEFENDANT'S |
| | ) | MOTION TO DISMISS |
| IRS, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Tom J. Kuechenmeister, pro se, brought this claim against defendant, Internal Revenue Service, requesting a temporary restraining order that would prevent IRS from levying upon certain property. Docket 1. Kuechenmeister moves for the return of his property following a levy placed upon it by IRS and for a protection order from further levy or any intent to levy. Dockets 23, 24. IRS resists those motions. IRS moves to dismiss this claim because Kuechenmeister has failed to state a claim upon which relief can be granted and because the court does not have jurisdiction to hear matters relating to federal taxes. Docket 28. For the following reasons, IRS's motion to dismiss is granted.

**BACKGROUND**

On December 26, 2011, four notices of intent to levy property were generated by an IRS computer and sent to Kuechenmeister. Docket 5 at 1. These notices pertained to Kuechenmeister's outstanding federal tax liabilities

for tax years 2003, 2004, 2005, and 2007. The notices informed Kuechenmeister that IRS may seize any state tax refunds to which he is entitled and apply the money seized to his federal tax debt. In response to these notices, Kuechenmeister filed a petition for a temporary restraining order in this court on January 3, 2012.

In his petition, Kuechenmeister asked for a hearing to determine which property could be seized and to prevent IRS from seizing property. Docket 1. Kuechenmeister stated that his initial concern was that the property of his father, Wm. J. Kuechenmeister, would be seized accidentally because Kuechenmeister was living with his father at the time. Docket 1 at 1. Kuechenmeister told the court that he was in the process of an IRS appeals board hearing, that the appeal was denied, and his case was in collections. Kuechenmeister also expressed that he made an offer of compromise to the appeals board, which was denied.

On March 12, 2012, the court held a hearing on the matters that were pending before it: Kuechenmeister's request for a TRO and IRS's first motion to dismiss. At the end of the hearing, the court issued an oral order denying the government's motion to dismiss, denying Kuechenmeister's motion to amend or correct his complaint, and denying Kuechenmeister's motion for a TRO. On March 15, 2012, Kuechenmeister filed a motion for return of his property. Docket 23. He also filed a motion for an order restraining IRS from further levy

or to protect him from future levy or intent to levy. Docket 24. IRS filed its second motion to dismiss on May 12, 2012. Docket 28.

## STANDARD OF REVIEW

Complaints drafted by pro se litigants are held to less stringent standards than a pleading drafted by an attorney, but such a complaint can be dismissed for failure to state a claim "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations and citation omitted). A court must dismiss a claim over which it lacks subject matter jurisdiction, and such a motion can be raised at any time. Fed. R. Civ. P. 12(b)(1) & 12(h)(3). In a facial challenge under Rule 12(b)(1), the court accepts the factual allegations contained in the complaint and pleadings as true and views the facts, and inferences from those facts, in the light most favorable to the nonmoving party. *Hastings v. Wilson*, 516 F.3d 1055, 1058 (8th Cir. 2008); *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990).

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court also assumes that all facts in the complaint are true and construes any reasonable inferences from those facts in the light most favorable to the plaintiff. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). To decide the motion to dismiss under Rule 12(b)(6), the court may consider the complaint, some materials that are part of the public

record, and materials embraced by the complaint. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). To survive the motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual content in the complaint must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Braden v. Wal-Mart Stores*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).

## DISCUSSION

IRS argues that federal courts do not have subject matter jurisdiction over cases like Kuechenmeister's because they are barred by both the Declaratory Judgment Act and the Anti-Injunction Act. IRS also claims that it is protected by sovereign immunity, which is another bar to a cause of action based on the collection of taxes. Finally, IRS asserts that even if jurisdiction were proper, Kuechenmeister's claims are without merit; thus, he has failed to state a claim upon which relief may be granted. Kuechenmeister has not responded[1] to these arguments other than to allege that his tax court appeals process was deficient, that IRS's definition of income and other terms is invalid,

---

[1] Although Kuechenmeister filed a "Supplemental Argument to Complaint," he never amended his complaint. In the supplement, Kuechenmeister did not make new claims or requests for relief. The document mainly contained additional facts and argument.

4

and to request that the court grant declaratory or injunctive relief. Docket 7; Docket 30.

The United States and its agencies are immune from suit in federal court unless it consents to be sued. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (citations omitted). The district court lacks subject matter jurisdiction over claims against the government when Congress does not consent to suit. *Miller v. Tony & Susan Alamo Found.*, 134 F.3d 910, 916 (8th Cir. 1998). Although district courts generally have jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax . . ." or "providing for internal revenue," there are no applicable statutes indicating that Congress intended to waive sovereign immunity in this type of factual scenario. 28 U.S.C. § 1346(a)(1); 28 U.S.C. § 1340. In fact, there are statutes that indicate that jurisdiction is not proper.

The United States's sovereign immunity from suit is further addressed in the Internal Revenue Code's Anti-Injunction Act, found in 26 U.S.C. § 7421(a), which restrains or bars any suit that attempts to restrict the assessment or collection of any tax. *See Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974) (noting that Congress was attempting to ensure "the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference[.]"). The Declaratory Judgment Act also acts as an additional hurdle to the jurisdictional

requirements for district courts to grant declaratory relief as it pertains to federal taxes. *See* 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction, except with respect to Federal Taxes . . ., any court of the United States . . . may declare the rights and other legal relations of any interested party . . . ."); *Bob Jones Univ.*, 416 U.S. at 732 n.7 ("The congressional antipathy for premature interference with the assessment or collection of any federal tax also extends to declaratory judgments.").

In his complaint, Kuechenmeister requests that "the government remove the bold print wording of misc. income from 1099 forms[,]" that a line be added to the Schedule C profit and loss forms exempting the "cost of compensation for services from gross profits the same as it currently has for the cost of goods sold to be exempt from gross profits[,]" to order the word " 'including' be removed from the definition of gross income" and replaced by "which may include[,]" that the court not allow property to be seized by the government that does not belong to plaintiff, and to remove "all tax liability claims for years in question" or "make a determination of what property can be seized by government[.]" Docket 7 at 3. In his motion for return of property, Kuechenmeister asks for the "return of property in the form of money taken from plaintiff's bank account at First National Bank of Sioux Falls[.]" Docket 23 at 1. Finally, Kuechenmeister asks in his motion for order of restraint that the

court issue an "order of restraint against any IRS levy or intent to levy for the years 2003 thru 2007[.]" Docket 24 at 1.

In this case, Kuechenmeister has requested relief that is entirely precluded by either the Anti-Injunction Act or the Declaratory Judgment Act. First, the court does not have the power to grant Kuechenmeister's requests for relief because this court has no authority to grant declaratory relief "with respect to Federal taxes." 28 U.S.C. § 2201(a); *see also Stanbury Law Firm v. Internal Revenue Serv.,* 221 F.3d 1059, 1062 (8th Cir. 2000) (stating that any "actions seeking declaratory judgments with respect to federal taxes appear to be barred by the Declaratory Judgment Act."). Second, the court cannot enjoin activities or hear lawsuits like this one that is "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421. In addition to these considerations of subject matter jurisdiction under the Declaratory Judgment Act or Anti-Injunction Act, Kuechenmeister has failed to identify any statute that waives or abrogates sovereign immunity under which the court has jurisdiction to hear this case.

Furthermore, Kuechenmeister also has not alleged that he exhausted his administrative remedies, which is a necessary requirement prior to filing this type of case in federal court. *See Hansen v. United States*, 248 F.3d 761, 763-64 (8th Cir. 2001) (noting that the United States consents to suit in tax refund cases only where the taxpayer paid the disputed tax in full and has "duly filed"

its administrative claim). Additionally, Kuechenmeister has not shown that he has paid his tax liability for the disputed years in full. This is an additional ground for dismissal because "full payment of an assessment is a prerequisite to a refund action." *Pagonis v. United States,* 575 F.3d 809, 812-13 (8th Cir. 2009) (citing *Flora v. United States*, 362 U.S. 145, 177 (1960)).

Moreover, Kuechenmeister has also failed to state a claim upon which relief can be granted because his claims against IRS are without merit. Kuechenmeister's claims are not novel or unique. Challenges to the taxing scheme of the United States, IRS's determination of what amounts to income or other specifics on its tax forms,[2] and other generic challenges to a taxpayer's rights and/or obligations have been routinely heard and denied as baseless. *See May v. Comm'r*, 752 F.2d 1301, 1304 (8th Cir. 1985) (concluding that the complaint "merely contains conclusory assertions attacking the constitutionality of the Internal Revenue Code and its applicability to the taxpayer. Tax protest cases like this one raise no genuine controversy; the underlying legal issues have long been settled."). At this stage of the litigation, Kuechenmeister's claims are not sufficiently particularized to state a claim upon which relief may be granted.

---

[2] *See Maloy v. Burns*, Civ. No. 11-44, 2011 WL 3610660, at *2 (D. Minn. Aug. 16, 2011) (stating that "the court lacks jurisdiction to issue a declaration with respect to the validity of the [tax] Forms.").

**CONCLUSION**

The court grants defendant's motion to dismiss because the claim is barred by sovereign immunity, the Anti-Injunction Act, and the Declaratory Judgment Act. Kuechenmeister also failed to state a claim upon which relief can be granted. Accordingly, it is

ORDERED that IRS's motion to dismiss (Docket 28) is granted.

IT IS FURTHER ORDERED that Kuechenmeister's motion for return of property (Docket 23) is denied as moot.

IT IS FURTHER ORDERED that Kuechenmeister's motion for a protection order or order of restraint (Docket 24) is denied as moot.

Dated October 19, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE